## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA BORRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:12-CV-02123 |
| | ) | |
| v. | ) | (Judge A. Richard Caputo) |
| | ) | |
| BLOOMSBURG UNIVERSITY, | ) | |
| GEISINGER MEDICAL CENTER, | ) | ELECTRONICALLY FILED |
| and ARTHUR F. RICHER and | ) | |
| MICHELLE FICCA in their individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS GEISINGER AND RICHER'S RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Thomas S. Giotto (Pa. I.D. No. 39568)
thomas.giotto@bipc.com

Jaime S. Tuite (Pa. I.D. No. 87566)
jaime.tuite@bipc.com

Emilie R. Hammerstein
(Pa. I.D. No. 307499)
emilie.hammerstein@bipc.com

Buchanan Ingersoll & Rooney PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Phone:  412-562-8800/Fax:  412-562-1041

Attorneys for Defendants
Geisinger Medical Center
and Arthur F. Richer

# TABLE OF CONTENTS

I.    STATEMENT OF PROCEDURAL HISTORY ...........................................2

II.   ARGUMENT...................................................................................2

    A.    The Benefits to Delaying Discovery are Significant and Plaintiff Failed to Allege Any Harm that Will Result From a Delay of Discovery.................................................................................3

        (i)    Harm: Plaintiff will Not Suffer Harm as Discovery is Not Needed at this Time ................................................................3

        (ii)   Benefits: Potential Waste of Judicial Resources and Unnecessary Costs to Defendants..................................................4

        (iii)  Scale Tips in Favor of Granting the Stay...................................5

    B.    Courts Routinely Stay Discovery Pending Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)........................................................5

III.  CONCLUSION................................................................................7

i

# TABLE OF AUTHORITIES

**Cases**

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) ...................5, 7

*Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993
  WL 13139559 (E.D. Pa. March 9, 1993) .........................................................4, 5

*Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981) .......................................................8

*Mann v. Brenner*, 375 Fed. Appx. 232 (3d Cir. 2010) ..............................................7

*Payne v. Wetzel*, 3:12-CV-1932, 2013 WL 1935356 (M.D. Pa. May 9,
  2013).................................................................................................................8

*Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729 (9th Cir. 1987)...................7

*Weisman v. Mediq., Inc.*, Civ. No. 95-1831, 1995 WL 273678 (E.D. Pa.
  May 3, 1995)......................................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................... 4, 5, 7, 9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA BORRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:12-CV-02123 |
| | ) | |
| v. | ) | (Judge A. Richard Caputo) |
| | ) | |
| BLOOMSBURG UNIVERSITY, | ) | |
| GEISINGER MEDICAL CENTER, | ) | ELECTRONICALLY FILED |
| and ARTHUR F. RICHER and | ) | |
| MICHELLE FICCA in their individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT GEISINGER AND RICHER'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS

Defendants Geisinger Medical Center ("Geisinger") and Arthur F. Richer ("Richer") (together as "Moving Defendants") file this Reply to Plaintiff's Opposition to Geisinger and Richer's Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss, requesting a stay for two reasons. First, based on the relevant balancing test, the benefits to staying discovery (conserving judicial resources and saving Defendants from what may be unnecessary costs) far outweigh any harm to Plaintiff -- in fact, she has failed to identify any harm. Second, contrary to Plaintiff's contention, courts both within and outside the Third Circuit favor staying discovery while dispositive motions are pending.

## I.    STATEMENT OF PROCEDURAL HISTORY

This action arises out of Plaintiff Angela Borrell's ("Borrell" or "Plaintiff") dismissal from the clinical practicum of Defendant Bloomsburg University's ("Bloomsburg") Certified Registered Nurse Anesthesia ("CRNA") Program. Borrell filed an Amended Complaint on February 19, 2013. Just three days after filing the Amended Complaint, on February 22, 2013, Borrell's counsel served discovery requests on all Defendants. To date, the parties have yet to meet and confer to discuss discovery in the case.

In April 2013, all Defendants filed Motions to Dismiss the Amended Complaint in its entirety with prejudice. (Docs. No. 29 & 32). Those motions are fully briefed and awaiting disposition.

Moving Defendants filed a Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss on May 21, 2013. (Doc. No. 40-41). The parties participated in a conference call with the Court on May 24, 2013, regarding the discovery disagreements in this case. During that conference, the Court instructed the parties to fully brief the Motions to Stay. Plaintiff filed a Brief in Opposition ("Opposition") later that same day. (Doc. No. 46).

## II.    ARGUMENT

This Court should exercise its discretion to stay discovery pending the resolution of Defendants' Motions to Dismiss because: (1) Plaintiff can show no

2

harm that would result from a stay of discovery, and (2) there is strong judicial approval of staying discovery pending disposition of Fed. R. Civ. P. 12(b)(6) motions to dismiss.

> **A.     The Benefits to Delaying Discovery are Significant and Plaintiff Failed to Allege Any Harm That Will Result From a Delay of Discovery.**

Moving Defendants disagree with Plaintiff's characterization of the proper standard for this Court to stay discovery.  In her Opposition, Plaintiff argues that Moving Defendants' motion should be denied because there is "simply nothing extraordinary or complex about this case to warrant a stay of discovery."  (Doc. No. 46).  However, whether a case is "extraordinary" or "complex" is irrelevant to whether a motion to stay discovery should be granted.  Instead of assessing the nature or complexity of a case, courts will "balance the harm produced by delay against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, No. 92-7061, 1993 WL 13139559, *2 (E.D. Pa. March 9, 1993).

> (1)     Harm:  Plaintiff Will Not Suffer Harm as Discovery is Not Needed at This Time

In her Opposition, Plaintiff did not make a single allegation that she will suffer harm as a result of a stay of discovery, nor could she.

Defendants agree that a "court should not automatically stay discovery pending a motion to dismiss under Rule 12(b)," as some circumstances may

necessitate discovery by a plaintiff for such a motion to be resolved. *Coca-Cola*, 1993 WL 13139559, *2. For example, if Defendants filed a motion to dismiss under 12(b)(2) for lack of personal jurisdiction, a plaintiff may need some discovery before the motion may be properly briefed and decided. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

Here, however, all Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As this Court is well aware, a Fed. R. Civ. P. motion to dismiss presents purely legal questions. As such, "[f]acial challenges to the legal sufficiency of a claim or defense … should … be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367. Therefore, Plaintiff does not need discovery at this time, and she has failed to allege any harm from delaying discovery.

### (2)    Benefits: Potential Waste of Judicial Resources and Unnecessary Costs to Defendants

Plaintiff's Amended Complaint asserts four claims against four Defendants, all of which are the subject of Defendants' pending Motions to Dismiss. (Docs. No. 21, 29-30 & 32-33). Because this suit involves multiple claims against multiple parties, discovery is likely to be expansive and require significant resources of Defendants, as well as this Court. First, Defendants already contend the discovery requests Plaintiff served three days after filing her Amended Complaint are overly broad and burdensome. Thus, should discovery proceed

4

pending consideration of the Motions to Dismiss, this Court's judicial resources will likely be called upon to resolve discovery disputes.   In addition, Defendants would be forced to expend time, effort and financial resources in responding to those requests while it remains unclear what claims (if any) are at issue.  A stay of discovery would avoid potential unnecessary costs to Defendants and conserve judicial resources.  Thus, there is a strong interest in staying discovery at this time.

> (3)    Scale Tips in Favor of Granting the Stay

In balancing the above-mentioned interests of the parties, the scale tips in favor of staying discovery.  Plaintiff has failed to show what discovery she needs at this point in the litigation, or how delaying discovery will result in any harm.   On the other hand, the Court will likely be required to expend judicial resources addressing discovery disputes, and Defendants could endure significant expense in participating in discovery, only to have all or some of Plaintiff's claim against them dismissed.  Therefore, a stay of discovery is appropriate until the motions to dismiss are resolved.

## B.    Courts Routinely Stay Discovery Pending Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

In her Opposition, Plaintiff tenuously argues that "in most cases in which a stay of discovery is sought … the stay is not granted." (Doc. No. 46).  Such an assertion is incorrect.  While she cites no statistical analysis for the number of times courts have granted motions to stay discovery pending the resolution of a

5

Fed. R. Civ. P. 12(b)(6) motion to dismiss (and Moving Defendants are unaware of any such evidence), this Court has significant judicial support to grant a motion to stay discovery under such circumstances, both from courts within and outside the Third Circuit. *See e.g., Mann v. Brenner*, 375 Fed. Appx. 232 (3d Cir. 2010) (upholding the district court's decision to stay discovery pending resolution of the motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("A motion to dismiss based on failure to state a claim for relief should … be resolved before discovery begins"); *Rutman Wine Co. v. E & J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (upholding the district court's decision to stay discovery stating that "[i]t is sound[ ] practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery"); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (stating that discovery should not be conducted prior to the filing of a well-pleaded complaint, as discovery is "not a device to enable a Plaintiff to make a case when his complaint has failed to state a claim"); *Payne v. Wetzel*, 3:12-CV-1932, 2013 WL 1935356, at *2 (M.D. Pa. May 9, 2013) (granting defendants motion to stay discovery pending resolution of their motion to dismiss); *Weisman v. Mediq., Inc.*, Civ. No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (granting defendants motion to stay because "a stay is proper where the likelihood

6

that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay").

### III.      CONCLUSION

For the reasons above, Moving Defendants respectfully request that this Court stay discovery pending the resolution of Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

*/s/ Emilie R. Hammerstein*
Thomas S. Giotto
Pa. I.D. No. 39568
thomas.giotto@bipc.com
Jaime S. Tuite
Pa. I.D. No. 87566
jaime.tuite@bipc.com
Emilie R. Hammerstein
Pa. I.D. No. 307499
emilie.hammerstein@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Phone:  (412) 562-8800
Fax:      (412) 562-1041

Attorneys for Defendants
Geisinger Medical Center
Dated:  June 7, 2013          and Arthur F. Richer

7

## <u>CERTIFICATE OF COMPLIANCE PURSUANT</u><br><u>TO LOCAL RULE 7.8(b)(2)</u>

Pursuant to Local Rule 7.8(b)(2), it is hereby certified that Defendants Geisinger Medical Center and Arthur F. Richer's Brief In Support of Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint contains 1358 words (exclusive of all captions, table of contents, table of citations, signature lines and certificates), according to the Microsoft® Word 2010 word processing system used to prepare it, and that the Brief therefore complies with Local Rule.

By: */s/ Emilie R. Hammerstein*
Emilie R. Hammerstein