**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA BORRELL, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-CV-2123 |
| v. | (JUDGE CAPUTO) |
| BLOOMSBURG UNIVERSITY, GEISINGER MEDICAL CENTER and ARTHUR F. RICHER and MICHELLE FICCA, in their individual and official capacities, | |
| Defendants. | |

**MEMORANDUM**

This is a discovery dispute that concerns whether certain electronically stored information (ESI) on Plaintiff's cell phone is discoverable by the Defendants.

The Plaintiff brought this action claiming Defendants violated her right to procedural due process and equal protection of the law. It arises out of Defendant's dismissal of Plaintiff from an educational training program for refusal to take a drug test, and Plaintiff's contentions that she was treated differently (in this regard) from others in the program. The Defendants had a policy that students had to submit to a drug test "on reasonable suspicion of substance abuse". Plaintiff was told on September 23, 2012, that reasonable suspicion was her appearance, and she was dismissed on September 24, 2012. In fact, the Defendants had been told in May that the Plaintiff was seen snorting cocaine. Defendants did not disclose this to the Plaintiff.

The Plaintiff did agree, on September 24, 2012, to take a drug test, but she was dismissed instead.

While the Plaintiff has denied the use of any illegal drugs, the issues in this case are 1) whether there was reasonable suspicion on the part of Defendants to demand the test, and 2) whether she was treated differently from others in the program.

The Defendants seek information in discovery as follows:

- ESI that Plaintiff sent to persons associated with the program (including students);

- ESI that relates, discusses or concerns the program (including students' obligations to follow the drug policy);

- ESI that relates to Plaintiff's drug use (including prescription drugs, marijuana and cocaine) and/or alcohol use;

- ESI that relates to or discusses Plaintiff's boyfrend, Frederick Yeastedt's or Plaintiff's mother's use, possession or distribution of drugs; and,

- ESI that evidences Plaintiff's communications with witnesses or potential witnesses in anticipation of her preliminary injunction hearing.

Discovery is permitted of non privileged information that is relevant to the claim or defense. Fed. R. Civ. P. 26(b)(1). Moreover, for good cause shown, any non privileged information that is relevant to the subject matter of the action that may lead to the discovery of admissible evidence is also permitted. *Id.* All of this is controlled by the discretion of the court. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct

of discovery is a matter for the discretion of the district court . . . .").

This case is not about justifying Defendants' actions in terminating the Plaintiff for drug use. This was not what was done. The issue is whether there was reasonable suspicion of drug abuse when Defendants asked her to take the drug test. She was terminated for refusal to take the test; not drug use.

Discovery to find she was a drug user after the actions taken by Defendants is not relevant to question of the basis for their demand that she take the drug test. What matters is their perception of the facts that existed at the time Defendants demanded she take the test (viz what facts constituted their reasonable suspicion of drug abuse).

I will consider the requests individually.

**1. Plaintiff's communication with persons associated with the program — students.**

The Defendants defend this as targeting other students. In general terms, this information could be relevant, but as framed, appears to simply be the casting of a net to see what it yields. Simply because she associated with other students socially is not a sufficient basis to seek the broad range of information. Moreover, the potential for intrusions into privacy is far too great to be outweighed by a guess that something germaine may be there.

Moreover, there is nothing in this material which relates to whether Defendants perceived reasonable suspicion of drug abuse.

**2. ESI that relates, discusses or concerns the program (including students' obligation to follow drug policy).**

I fail to see how this is relevant to a claim or defense. Nothing is added. She refused to take the drug test and the next day agreed to take it. There is very little that is

probative in this request to the issue in the case.

### 3. Plaintiff's drug use (including prescription drugs, marijuana, and cocaine) and/or alcohol use.

If the Plaintiff plans to advance that she never used illegal drugs, this information would be probative. If, on the other hand, Plaintiff confines herself to the issue of reasonable suspicion and equal protection, the information is irrelevant.

Again, nothing here would bear on whether Defendants perceived reasonable suspicion of drug abuse.

### 4. ESI that relates to or discusses the use, possession or distribution of drugs by Plaintiff's boyfriend and Plaintiff's mother.

Regardless of the confinement by Plaintiff to the issues in the case, this request is more attenuated than the preceding request. Whether or not Plaintiff's boyfriend and/or mother used, possessed or distributed drugs could certainly relate to such conduct, vis a vis Plaintiff, yet again, this is a shot in the dark. There is no evidence to suggest that Plaintiff was involved in any of the activity with these people.

### 5. Communications with witnesses or potential witnesses in anticipation of Plaintiff's preliminary injunction hearing.

This information is discoverable.

Therefore, Items 1, 2 and 4 are not discoverable, and the Motion to Compel will be denied. Item 3 is not discoverable unless Plaintiff wishes to place her drug use in issue. If so, she should advise the Court, and the information sought in Item 3 will be turned over. Item 5 calls for discoverable information, and it shall be produced. The Plaintiff's motion for protective order as to Items 1, 2 and 4 is moot. As to Item 3, if Plaintiff confines herself to

the issue of reasonable suspicion, it is moot.  If not, it will be denied.  As to Item 5, it will be denied.

      An appropriate Order will follow.


Date: April 3, 2014                                      /s/ A. Richard Caputo  
                                                                A. Richard Caputo  
                                                                 United States District Judge