# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELA BORRELL, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-CV-2123 |
| v. | (JUDGE CAPUTO) |
| BLOOMSBURG UNIVERSITY, GEISINGER MEDICAL CENTER and ARTHUR F. RICHER and MICHELLE FICCA, in their individual and official capacities, | |
| Defendants. | |

## MEMORANDUM

Before me is Defendants' Joint Limited Motion for Reconsideration of the Court's April 3, 2014 Order Denying In Part Defendants' Motion to Compel Plaintiff's electronically stored information (Doc. 76).  The Motion will be denied.

## STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight (28) days of entry.  Fed. R. Civ. P. 59(e).  Alternatively, when the reconsideration motion is not to amend or alter the judgment pursuant to Rule 59, Middle District of Pennsylvania Local Rule 7.10 allows a party to seek reconsideration within fourteen (14) days of entry of an order.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following

grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

Defendants seek Plaintiff's ESI relating to persons connected with the Nurse Anesthesia Program (NAP), including discussions about the NAP Drug Policy. They also seek ESI relating to Frederick Yeastedt and Kelley Borrell's (Plaintiff's mother) drug use, etc. Defendants claim this information request is "reasonably calculated to lead to the discovery of admissible evidence". Fed. R. Civ. P. 26. Defendants must provide "good cause" to invoke this portion of Rule 26, and they have not done so. Essentially, all they suggest is that it may yield information concerning any drug use by Plaintiff. Drug use by Plaintiff is not the issue in this case. Defendants assert that Plaintiff has placed her reputation in issue because she claims damage to her reputation. Reputation is what others think of you, and

2

the best evidence of this is what others think of you; not whether your ESI contains information about drug use.

Defendants also suggest the discovery is needed to provide information to test the Plaintiff's credibility.  Defendants have provided no case which holds this is a proper subject of discovery.  Moreover, to the extent it is, there has been no good cause established so as to go beyond relevance to the "claim or defense" as the proper scope of discovery.

Similarly, it is difficult to see how Plaintiff's ESI is germane to the issue of whether NAP followed its own drug policy.  Plaintiff's views on this subject are not probative to the issue of whether the policy was followed.  Insofar as any information about drug use in the ESI as bearing on the claim the Plaintiff never used drugs, the Plaintiff has represented that this claim is not being made.   Moreover, the Plaintiff will be foreclosed from such a proffer at trial.  Therefore, the ESI information, if any, is not probative.

Lastly, based on the foregoing, there is no need to conduct an *in camera* review of the ESI.  I see no reason to reconsider the April 4, 2014 Order.

An appropriate Order will follow.


Date: May 28, 2014                          /s/ A. Richard Caputo
                                                     A. Richard Caputo
                                                     United States District Judge