**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGELA BORRELL,<br><br>    Plaintiff,<br><br>    v.<br><br>BLOOMSBURG UNIVERSITY, GEISINGER MEDICAL CENTER, and ARTHUR F. RICHER and MICHELLE FICCA in their individual and official capacities,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-12-2123<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM ORDER**

Presently before me is Defendants Geisinger Medical Center and Arthur Richer's (collectively "Geisinger Defendants")  Motion for Stay of Execution and Approval of Supersedeas Bond. (Doc. 288)[1] Because the Geisinger Defendants have filed an appeal and have proposed posting a supersedeas bond, I will grant the Geisinger Defendants motion for stay of execution pending appeal but will order the posting of a supersedeas bond.

**I.    Background**

The current case is a civil rights action pursuant to 42 U.S.C. § 1983 filed by Plaintiff Angela Borrell ("Ms. Borrell") after she was terminated from Bloomsburg University and Geisinger's joint Nurse Anesthetist Program. The parties are well versed in the facts of this case and therefore, I will not reiterate those facts herein. Relevant to the current motion, on June 30, 2015, a jury awarded Ms. Borrell compensatory damages against Dr. Michelle Ficca, Arthur Richer and Geisinger Medical Center ("GMC") in the amount of $ 415,000.00. (Doc. 236, 2.) The jury also found that GMC acted maliciously or wantonly in violating Ms. Borrell's rights and awarded $ 1,100,000.00 in punitive damages against GMC. (*Id.* at 3.)

---

[1] On June 24, 2016, Defendant Michelle Ficca filed a Motion for Stay of Any Proceedings to Enforce Judgment (Doc. 300) pending the resolution of her post-trial motions. The matter is not yet ripe for disposition and therefore, is not addressed herein.

Following trial, Ms. Borrell moved for attorney's fees and costs. (Doc. 245) Defendants Dr. Michelle Ficca and the Geisinger Defendants filed post-trial motions. (Docs. 255, 257) The Geisinger Defendants filed a notice of appeal with the Third Circuit Court of Appeals. (Doc. 263)

The Geisinger Defendants also filed the current motion requesting a stay of execution of the judgment and approval of the proposed supersedes bond. (Doc. 288) Ms. Borrell filed a brief in opposition to the Geisinger Defendants' request and ask that I deny the request to stay execution or, in the alternative, require the posting of a larger bond amount, one totaling $ 2,500,000. (Doc. 292) The Geisinger Defendants filed a reply brief. (Doc. 294)

## II.     Discussion

The Geisinger Defendants request a stay of execution pursuant to Federal Rule of Civil Procedure Rule 62(d). Rule 62(d) provides:

> **(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

The Geisinger Defendants propose the posting of a supersedeas bond in the amount of $ 416,205[2] for the compensatory damages award and a supersedeas bond in the amount of $ 1,104,000.00[3] for the punitive damages award. (Doc. 288, ¶¶ 5-6.) The Geisinger Defendants did not propose that any amount be posted for Ms. Borrell's requested costs and attorney's fees.

Ms. Borrell objects to the Geisinger Defendant's request arguing that the court must apply a four-factor test to determine whether the proceedings should be stayed. (Doc. 292,

---

[2] The amount represents the full amount of the judgment plus one year of post-judgment interest at a rate of .29 %.

[3] The amount represents the full amount of the judgment plus one year of post-judgment interest at a rate of .29 %.

4.) Ms. Borrell cites to *Bank of Nova Scotia v. Pemberton*, 964 F. Supp. 189 (D.V.I. 1997), and its progeny, and states the determination regarding stay of the case must be made after assessment of the following factors:

> "(1) whether [the moving party] has made a strong showing that [he] is likely to succeed on the merits; (2) whether [the moving party] will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies."

*Pemberton*, 964 F. Supp. at 190 (D.V.I. 1997) (citing *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987); *Standard Havens Products Inc. v. Gencor Industries, Inc.,* 897 F.2d 511, 512 (Fed.Cir.1990); *Federal Ins. Co. v. County of Westchester,* 921 F.Supp. 1136, 1139 (S.D.N.Y.1996)).

Ms. Borrell argues that a balance of the four factors, and the fact that the Geisinger Defendants fail to address the four-factor test at all in its moving papers, warrants denial of the stay. (Doc. 292, 7.) Ms. Borrell cites to several other cases where the court applied the four-factor test. However, the posting of a supersedeas bond was not proposed in any of the cited cases. *United States v. Stuler*, 2010 WL 1985118, at *1 (W.D. Pa. May 4, 2010) (moving party sought a waiver of the requirement to file a supersedeas bond): *In re J.A.R. Barge Lines, L.P.*, 2007 WL 1394561, at *9 (W.D. Pa. May 9, 2007)(stay requested without posting of a bond); *Botman Int'l, B.V. v. Int'l Produce Imports, Inc.*, 2006 WL 263619, at *4 (E.D. Pa. Jan. 31, 2006) (request to stay application of escrowed funds to portion of judgment obtained by creditors denied); *I.F.S. of New Jersey, Inc. v. Mathesz*, 1998 WL 966029, at *4 (E.D. Pa. Nov. 18, 1998), aff'd, 193 F.3d 514 (3d Cir. 1999) (The party moving for a stay had defaulted on a previous settlement agreement and offered no provision for securing the interests of the non-moving party.); *Taylor v. Chevrolet Motor Div. of Gen. Motors Corp.*, 1998 WL 525802, at *1 (E.D. Pa. Aug. 21, 1998) ("Defendant asks the court to stay enforcement of the judgment in this case upon the posting of a bond pending its appeal of the court's denial of defendant's Rule 60(b) motion to vacate that judgment, denial of its motion to reconsider that denial and denial of defendant's successive Rule 60(b)

motion to vacate.")

The Geisinger Defendants argue that application of the four-factor test is unnecessary and, rather, my decision should be guided by my ruling in *Supinski v. United Parcel Serv., Inc.*, 2012 WL 2905458, at *6 (M.D. Pa. July 16, 2012). I previously stated:

> The stay provisions of Rule 62(d) are "automatic." *Becker v. United States,* 451 U.S. 1306, 1308, 101 S.Ct. 3161, 68 L.Ed.2d 828 (1981). Thus, "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Publ'g Corp.,* 345 F.3d 390, 409 (6th Cir.2003) (citing *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n,* 636 F.2d 755, 759 (D.C.Cir.1980)); *see also Cohen v. Metro. Life Ins. Co.,* 334 F. App'x 375, 378 (2d Cir.2009) ("Rule 62(d) provides that an appellant may obtain a stay pending appeal, as of right, by posting a supersedeas bond"). And, under Rule 62(b), " 'the bond should normally be sufficient in amount to satisfy the judgment in full.' " *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.,* No. 01–485, 2010 WL 1329050, at *1 (M.D.Pa. Mar. 29, 2010) (quoting *Schreiber v. Kellogg,* 839 F.Supp. 1157, 1159 (E.D.Pa.1993)).

*Supinski*, 2012 WL 2905458, at *6.

The Geisinger Defendants filed an appeal with the Third Circuit and have also proposed the posting of a supersedeas bond. I have previously determined that when an adequate bond is to be posted, a stay is appropriate. *See Supinski*, 2012 WL 2905458, at *6. The Geisinger Defendants are willing to post a supersedeas bond and therefore, I will grant a stay of execution pending appeal.

I will, however, require that the amount to be posted exceed the amount proposed by the Geisinger Defendants. As a prevailing plaintiff in a Section 1983 case, Ms. Borrell may be awarded reasonable costs and attorneys fees. *See* 42 U.S.C. § 1988. Ms. Borrell's motion is pending, but, a supersedeas bond in the amount of $ 1,500,000 is a fair amount to protect Ms. Borrell's interests while the Geisinger Defendants' appeal is pending.

Case 3:12-cv-02123-ARC   Document 302   Filed 07/05/16   Page 5 of 5

Accordingly, it is hereby **ORDERED** that:

(1) Defendants Geisinger Medical Center and Arthur Richer's Motion for Stay of Execution and Approval of Supersedeas Bond (Doc. 288), as modified herein, is **GRANTED**;

    (a) Execution is hereby stayed until the conclusion of the Defendants Geisinger Medical Center and Arthur Richer's appeal to the United States Court of Appeals for the Third Circuit. Until the appeal is resolved, Plaintiff Angela Borrell shall not take any action in an attempt to execute on the judgment in this case;

    (b) Geisinger Defendants shall post a supersedeas bond, within 30 days of the date of this Order, in the amount of $ 1,500,000.

July 5, 2016                                             /s/ A. Richard Caputo
Date                                                       A. Richard Caputo
                                                                    United States District Judge